UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIE PALMERI,

    Plaintiff,

    v.

COURY HOSPITALITY, LLC and
PAUL COURY,

    Defendants.

Case No. 21-2457-SAC-ADM

## SCHEDULING ORDER

On December 1, 2021, U.S. Magistrate Judge Angel D. Mitchell conducted a scheduling conference in accordance with Fed. R. Civ. P. 16, by phone. Plaintiff Julie Palmeri appeared herself and through counsel Christopher C. Barnds. Defendants Coury Hospitality, LLC and Paul Coury appeared through counsel Paul E. Torlina.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | December 8, 2021 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | December 15, 2021 |
| Jointly filed mediation notice | December 15, 2021 |
| Motions to amend | January 10, 2022 |
| Mediation completed | March 1, 2022 |
| Experts disclosed by plaintiff | March 1, 2022 |
| Supplementation of initial disclosures | 40 days before the deadline to complete discovery |
| Experts disclosed by defendant | April 1, 2022 |
| Physical and mental examinations | April 1, 2022 |
| All discovery completed | May 2, 2022 |
| Proposed pretrial order due | May 10, 2022 |
| Pretrial conference | May 17, 2022, at 10:00 a.m. |
| All other potentially dispositive motions (e.g., summary judgment) | May 31, 2022 |
| Motions challenging admissibility of expert testimony | May 31, 2022 |
| Trial | TBD |

1.     **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced early mediation.  Toward that end, the parties have already exchanged good-faith settlement proposals.   By **December 15, 2021**, the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator, along with the firmly scheduled date, time, and place of mediation.   Pursuant to the parties' agreement, mediation is ordered no later than **March 1, 2022,** with Judge Jay Daugherty serving as mediator. Defense counsel must file an ADR report within 14 days of any scheduled ADR process, using the form on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/adrreportrev20141.pdf*

2.     **Discovery**

a.     The parties already served their initial disclosures regarding witnesses, exhibits, damages, and insurance as required by Fed. R. Civ. P. 26(a)(1).  The parties have agreed that, without the need for formal requests for production, copies of the documents described in the parties' Rule 26(a)(1) disclosures must be exchanged.  Supplementations of those disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery to identify all witnesses and exhibits that probably or even might be used at trial.   The opposing party should be placed in a realistic position to make judgments about whether to pursue follow-up discovery before the time allowed for discovery expires.   Witnesses or exhibits included in the final Rule 26(a)(3) disclosures that were not previously in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement presumptively will be excluded under Fed. R. Civ. P. 37(c)(1).

b. All discovery must be commenced or served in time to be completed by **May 2, 2022**. The court reminds the parties that, under the Federal Rules of Civil Procedure, they are entitled to obtain pretrial discovery regarding any non-privileged matter provided it is (a) relevant to a party's claim or defense, and (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

c. Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served by plaintiff by **March 1, 2022**, and by defendant by **April 1, 2022**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

d. The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **April 1, 2022**. If the parties disagree about the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in

order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, and for the examination to be conducted, all before the deadline expires.

  e. No party may serve more than 35 interrogatories, including all discrete subparts, on any other party.

  f. Each side may take no more than 10 depositions, limited to 7½ hours each. All depositions will be governed by the guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

  g. Discovery may be governed by a protective order. If the parties agree about the need for and scope and form of such a protective order, they must confer and submit a jointly proposed protective order by **December 8, 2021**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*Guidelines for Agreed Protective Orders for the District of Kansas*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). A pre-approved form of protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree about the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **December 15, 2021**.

  h. The parties consent to electronic service of disclosures and discovery requests and responses. See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

        i.        The expense and delay often associated with civil litigation can be dramatically reduced if the parties conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties are reminded that this court plans to enforce the certification requirements of Fed. R. Civ. P. 26(g).

**3.**    **Motions.**

        a.        Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **January 10, 2022**.

        b.        All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **May 31, 2022**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

        c.        Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute.  The parties should follow the summary-judgment guidelines on the court's website:

    *http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

        d.        All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **May 31, 2022**.

        e.        If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties are strongly encouraged to arrange a telephone conference with the

undersigned magistrate judge *before* filing such a motion.  Likewise, the parties are strongly encouraged to arrange such a telephone conference before filing any motion for an extension of time that would interfere with the deadline to complete all discovery, the pretrial conference setting, or the dispositive motion deadline—even if all parties agree to such an extension.

      f.      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection is waived.  *See* D. Kan. Rule 37.1(b).

      g.      To avoid unnecessary motions, the court encourages the parties to use stipulations regarding discovery procedures.   However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).   Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.   *See* D. Kan. Rule 26.4(c).

      h.      The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.**      **Pretrial Conference, Trial, and Other Matters.**

      a.      The parties agree that principles of comparative fault do <u>not</u> apply to this case.

      b.      Pursuant to Fed. R. Civ. P. 16(a), a final pretrial conference is scheduled for **May 17, 2022, at 10:00 a.m.**  The final pretrial conference is currently scheduled by phone (888-363-4749; access code 3977627), but the parties may appear in person or by videoconference by making such a request when they submit the proposed pretrial order.  The court may require the parties to appear in person or by videoconference if the court believes the pretrial order requires

substantial work or that there are other issues such that the case would benefit from having the pretrial conference in person rather than by phone.   No later than **May 10, 2022**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an email sent to *ksd_mitchell_chambers@ksd.uscourts.gov*.   The proposed pretrial order must not be filed with the clerk's office.   It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

  c.  The parties expect the jury trial of this case to take approximately 4-5 trial days. This case will be tried in **Kansas City, Kansas**.   The court will subsequently set the case for trial.

  d.  The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

  e.  This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.   Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.   The *Pillars of Professionalism* are available on this court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

  This scheduling order will not be modified except by leave of court upon a showing of good cause.

  IT IS SO ORDERED.

  Dated December 1, 2021, at Topeka, Kansas.

            s/ Angel D. Mitchell
            Angel D. Mitchell
            U.S. Magistrate Judge